BONNIFIELD, trustee, v. BIDWELL.

Constitutional law: ACT TO AID IN THE CONSTRUCTION OF RAILOADS. The holding in *Stewart* v. *The Board of Supervisors of Polk County*, 30 Iowa, 9, that the act of 1870, authorizing taxation to aid the construction of railroads, is constitutional, followed in the present case in respect to the act of 1868. BECK, J., dissenting.

*Appeal from Wapello Circuit Court.*

THURSDAY, JULY 27.

THE plaintiff sued on a promissory note. The defendant answered, admitting the execution of the note, and pleaded a set-off for taxes paid to the treasurer of Wapello county for the use of plaintiff, under the township railroad tax law of 1868, alleging that he paid said taxes under protest, and that the act aforesaid was unconstitutional and void. A tender of the balance due to the plaintiff was pleaded, and the money brought into court. The cause was tried to a jury, who, under the instructions of the court, allowed the set-off, and gave a verdict for plaintiff for the sum mentioned. From the judgment on this verdict plaintiff appeals.

*I. N. Mast* and *J. T. Hackworth* for the appellants.

*W. J. Mitchell* for the appellee.

MILLER, J. — The plaintiff was the trustee of the St. Louis & Cedar Rapids Railroad Company, in whose behalf the tax referred to had been voted and levied, under the law of 1868. The court below instructed the jury, in substance, that the tax levied under that act was unconstitutional, and that, if the defendant had paid the same under protest, he would be entitled to recover the same back again. This view of the law was doubtless based upon the decision of this court in *Hanson* v. *Vernon*, 27 Iowa, 28, which held the act of 1868 unconstitutional.

Whether the ruling of the court below was correct upon that hypothesis we need not inquire, since the decision in *Hanson* v. *Vernon* was overruled in *Stewart* v. *The Board of Supervisors*, 30 Iowa, 9. The latter decision

was made upon the act of 1870, but "was not based upon the existence of any material distinction" between the two acts. And adopting the reasoning and following the conclusions in *Stewart* v. *The Board of Supervisors, etc., supra,* this court held in the case of *The McGregor & Sioux City Railway Co.* v. *Birdsall,* 30 Iowa, 255, that the act of 1868 was constitutional, and that it was the duty of a county treasurer to pay over to the proper officer of the railroad company to which a tax had been voted, the money collected by him thereon; and in case of his refusal, he will be compelled to do so by mandamus.

In view of these decisions, the court below erred in ruling that the taxes paid by the defendant to the county treasurer were illegal and could be recovered back, if paid under protest. The judgment is therefore

Reversed.

Beck, J., dissenting.